Mr. Justice Morris
delivered the opinion of the Court:
This is an action at law instituted by the appellants as husband and wife against the appellee, the District of Columbia, to recover damages for personal injuries, sustained by the female plaintiff on August 7, 1899, by being violently thrown to the ground in consequence of slipping over or into a water-box in the sidewalk in front of her place of residence, which water-box had been permitted by the negligence of the proper officers of the District to remain uncovered and unguarded for a period of upwards of a *405 year before the time of the accident. The circumstances would seem to have been these :
The water-box was in the sidewalk at the bottom of three steps which led from a brick-paved landing at the front of the plaintiff’s house; and there was no place of egress from the house to the street other than by these steps. The box was so situated about midway of the steps that, in order to go from the lowest step to the sidewalk, it was necessary to go either to the right or to the left, which it would have been safe to do, or to take an unusually long step, at all events, unusually long for the female plaintiff, in order to step over the box and clear it. It was about four inches square, projected irregularly above the level of the street, and was without covering of any kind; and its condition was known to the District authorities, for the inspector of plumbing, who had come to the house at the plaintiff’s request to inspect the plumbing, had made some remark to her about it. It was in the same dangerous condition at the time of the commencement of the plaintiff’s occupancy of the house about nine months before the accident, and so remained without change." And it may be added that it was visible from the door of the plaintiff’s house.
It appeared in evidence that a lady had stumbled over the obstruction in the early summer of 1899, and that the plaintiff herself had stumbled over it once before, although, as she testified, she always tried to be careful, and usually went to one side or the other, and not over the box, for which, as she knew, an unusually long stride was necessary.
On the day of the accident mentioned in the declaration the plaintiff was going to visit a neighbor in an adjacent house. She testifies that from the time she left her door, she had the box in view a part of the time, and had it in mind all the time and remembered its dangerous character; but that .on this occasion she attempted to step over it, instead of going to one side, did not take a sufficiently long step, and put her foot into the hole and was thrown, with the result that she suffered serious injury. This is the *406 substance of her testimony in the case, which is set out more in detail in the bill of exceptions. But into that detail it is unnecessary for us here to enter.
Upon that testimony the court below, regarding the case as governed by the decision of this court in the case of Brewer v. District of Columbia, 7 App. D. C. 113, upon the motion of the defendant, instructed the jury to render a verdict for the District of Columbia on the ground of contributory negligence on the part of the plaintiff; and such verdict was rendered. From the judgment entered thereon the plaintiffs have appealed.
The case is in some respects a very meritorious case. The injured plaintiff has stated the circumstances most fairly and honestly, and her testimony is worthy of all commendation. She was almost lured to her injury by the continued neglect of the District to remove the dangerous obstruction, which was only one specimen of many such obstructions occurring to the common knowledge of all citizens in the streets and highways of this city, and which could be removed by reasonably careful inspection and at a greatly less cost than the amount of any one verdict against the District that has been recovered in any such case. Nevertheless, despite the fact that the negligence of the District has been great and is almost confessed on the record, we can find no difference in principle between this case and that of Brewer v. District of Columbia, upon the authority of which the court below proceeded. See, also, the case of Kelly v. Doody, 116 N. Y. 575.
Iñ' pursuance of the decision in the Brewer Case, and leaving the parties to their ultimate appeal to the Supreme Court of the United States, we must affirm with costs, the judgment of the Supreme Court of the District of Columbia in the premises. And it is so ordered.
A writ of error from the Supreme Court of the United States was prayed and allowed.